IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : <br> : <br> :    No. 21-cr-254 (RCL) <br> : |
| v. | : <br> : |
| FRANK SCAVO, | : <br> : |
|       *Defendant.* | : <br> : |

**FRANK SCAVO'S SENTENCING MEMORANDUM**

Defendant Frank Scavo, by and through his undersigned counsel, submits this memorandum in support of his sentencing pursuant to 18 U.S.C. § 3553.

**I.      Introduction**

On January 6, 2021, Mr. Scavo walked into the U.S. Capitol through an open door. He was peaceable during the 10 minutes he was inside. He did not destroy property. He did not accost anyone. He did not enter any private office space or chamber. Mr. Scavo fully acknowledges that his action was a crime. He regrets what he did. As he wrote in his October 5, 2021, letter to the Court:

> *January 6, 2021, was a dark day in our country's history. Entering the U.S. Capitol Building was wrong and it was a crime. I regret doing it. I am committed to continuing to do what I can to make amends for my actions. My family and friends have always trusted me as someone who wants to improve our society, not weaken it. And I intend to live up to that.*

Presentence Investigation Report (PSR) at ¶ 24 (Doc. 36). He knows that from this day forward he will have to show others that entering the U.S. Capitol that day was an aberration in a life that has been devoted to family, honest labor, and positive civic engagement.

After January 6, 2021, Mr. Scavo took steps to try to make amends for his actions. He voluntarily met with FBI investigators on two occasions, and provided them with his cellphone and

the videos he had taken at the U.S. Capitol. He subsequently engaged with the government through counsel in an effort to enter an early guilty plea, in order to minimize the impact on the justice system.

Before this matter, Mr. Scavo had never been arrested. Given his personal history and his acceptance of responsibility, we respectfully seek a sentence of probation.

## II.     Voluntary Cooperation And Guilty Plea

The Statement of Offense (Doc. 33) accurately describes Mr. Scavo's conduct on January 6, 2021. He travelled from his home in Old Forge, PA, to attend a political rally. Over the past three decades, Mr. Scavo had participated in numerous public events in support of Presidential candidates. He has supported candidates at the local level from both major political parties. None of these public gatherings involved violence. And so, on January 6, 2021, he did not foresee the terrible events that would mark the day – including loss of life and destruction of property – and become a blot on this Nation's history.

On January 19 and 25, 2021, about two months before his arrest, Mr. Scavo voluntarily submitted to interviews by the FBI. He provided the FBI agents with his cellphone, the photos and videos that he had taken in the U.S. Capitol, and answered all of their questions. As noted in the PSR, "[h]e has been cooperative with law enforcement." PSR at ¶ 20. He was arrested on March 25, 2021, and "waived an identity hearing and production of the warrant." *Id*. at ¶ 7. On September 8, 2021, Mr. Scavo pleaded guilty, pursuant to a written plea agreement, to Parading, Demonstrating, or Picketing in a Capitol Building, a Class B misdemeanor, in violation of 40 U.S.C. §5104(e)(2)(G). *Id*. at ¶ 4. The offense is punishable by up to 6 months imprisonment and a $5,000 fine. *Id*. He agreed to pay restitution in the amount of $500. *Id*. at ¶ 6.

Mr. Scavo has been subject to supervision, including restrictions on his liberty, since March 25, 2021. Over more than 7 months of such supervision, he "has remained in compliance with the conditions of release." PSR at ¶ 8

### III.     Mr. Scavo's Actions At The U.S. Capitol

No excuse can be offered for January 6, 2021. Yet each person present on that day must be judged on their own actions. Mr. Scavo crossed the U.S. Capitol threshold at approximately 2:40 pm and left by 2:50 pm. The videos and photos that he took, as well as the surveillance videos obtained from government cameras, show that he was peaceable throughout. While inside, he realized that what he was doing was wrong. He described this in his letter to the Court as follows:

> *About 2 minutes into my trespass in the Capitol, I realized that this was wrong. Candidly, I wondered to myself what I was doing there, and sought an exit. It took me about 8 minutes to get from the 3rd floor level to the outside tarmac. I even asked police security twice at various levels how to exit the building. They pointed me to the exit ways to the tarmac.*
> *The truth is that on any given day before or after, I cannot imagine entering a public building that is closed to the public. But on that day, I did. And it was a crime.*

PSR at ¶ 24. Thus, Mr. Scavo's actions involved a momentary lapse of judgment, a 10-minute entry into a place where he should not have been, and a timely recognition that what he was doing was wrong.

### IV.     Mr. Scavo's Background

Mr. Scavo (59) has been married for 32 years and has two children. He has lived most of his life in Old Forge, Pennsylvania (population 8,300), a few miles southwest of Scranton. He has an associate degree from Keystone College. He worked for approximately 28 years for Keystone Automotive, followed by positions in the automotive supply businesses. PSR at ¶ 63-64. Since 2015, he has supported his family by purchasing and improving rental properties. *Id*. at ¶ 61. This is his first brush with the justice system, as prior to this matter he had never been arrested. *Id*. at ¶ 32.

Mr. Scavo has engaged in many activities over the years devoted to the public good. For instance, he served in various capacities on the Old Forge School District Board of Education for approximately 13 years, in unpaid, elected positions. PSR at ¶ 65. In addition, he has committed countless hours over the years to volunteer work and community service. *Id*. at ¶ 66. In the past few months, Mr. Scavo has continued these efforts, performing scores of hours of community service.

**V.     Sentencing Considerations**

As set forth in the plea agreement and PSR, the maximum sentence for Mr. Scavo's violation of 40 U.S.C. § 5104(e)(2)(G) is up to six months of imprisonment and a fine of up to $5,000. As this offense is a Class B Misdemeanor, the Sentencing Guidelines do not apply. 18 U.S.C. § 3559; U.S.S.G. §1B1.9. We respectfully seek a sentence of probation, because such a sentence would appropriately reflect the factors to be considered pursuant to 18 U.S.C. 3553, as described below.

**A.     Nature and Circumstances Of The Offense**

Mr. Scavo's conduct was as follows:

(1) he entered an open door to the U.S. Capitol:

(2) he did not engage in or incite violence:

(3) he did not engage in or incite acts of destruction;

(4) he did not destroy any evidence;

(5) he was in the U.S. Capitol for approximately 10 minutes;

(6) he made no incendiary public statements;

(7) he cooperated with law enforcement;

(8) he has demonstrated remorse and contrition;

(9) he was not involved in planning any illegal acts;

and

(10) he timely offered to accept responsibility for his actions.

These factors all merit leniency in Mr. Scavo's sentencing.

### B. History Of Mr. Scavo

As set forth above in Section IV above, and in the PSR, Mr. Scavo has had a stable life. He has devoted himself to positive civic contributions over many years. *See* Attachment A. He has been devoted to his family. He has held stable employment. He has never been arrested prior to the arrest in this matter. He has been an active citizen, in a positive way, for many decades. He held unpaid elective office for approximately 13 years with the Old Forge School District Board of Education – a clear demonstration that he is committed to improving our society. This history shows that Mr. Scavo is someone who "wants to improve our society, not weaken it." PSR at ¶ 24.

His positive contributions to society over many years weigh in favor of a lenient sentence.

### C. Seriousness Of The Offense

There are few events more serious than the civil disorder that took place on January 6, 2021. But, of course, the prime consideration here is the severity of Mr. Scavo's personal conduct. He committed a non-violent misdemeanor that was unplanned. He showed very poor judgment when he walked through the open door to the U.S. Capitol. Yet he soon recovered his bearings, recognized his wrongdoing, cooperated at every step of the way after that, admitted his guilt, and in doing these things showed respect for the rule of law.

### D. Deterrence

Courts weighing this factor are mindful of both general deterrence – the goal of deterring crime generally – and specific deterrence – the need to protect the public from further crimes by this defendant. 18 U.S.C. § 3553(a)(2)(B-C); *United States v. Russell*, 600 F.3d 631, 637 (D.C. Cir. 2010). General deterrence objectives were achieved by the initiation of Mr. Scavo's prosecution. He was the subject of media attention and scorn in his hometown, *see* PSR at ¶ 40-43, such that the public is well

aware that such actions have consequences. *See, e.g. Wayte v. United States*, 470 U.S. 598, 607 (1985) (prosecution of crime has "general deterrence value"); *United States v. Gamarra*, 940 F.3d 1315, 1321 (D.C. Cir. 2019) (same).

A sentence of probation in this matter will achieve specific deterrence objectives as to Mr. Scavo. As should be evident from a consideration of all of the available information, this is likely to be Mr. Scavo's sole brush with the law. He has led a crime-free life. His actions on January 6, 2021, and the public notoriety that followed, have already taken a huge toll on him and his family. It has affected him "tremendously . . . physically, emotionally, regretfully." PSR at ¶ 40. His health has deteriorated. *Id*. at ¶ 40, 52-53 (stress and kidney stones). His reputation has suffered. *Id*. at ¶ 40. His wife has suffered endured health and other ill effects due to Mr. Scavo's acts, and the fallout from them. *Id*. at ¶ 42 (heart attack and notoriety that led her to resign her work position). To be clear, the far-reaching negative effects on Mr. Scavo and his family were not *required* in order to deter him from engaging in criminal acts in the future. He has led a crime-free life. But they have had a tremendous negative impact on him and his family, and represent a high price paid for his wrongful act of entering the U.S. Capitol.

As this Court is well aware, a sentence of probation is a form of punishment that can be a substantial restriction on a person's freedom. *See Gall v. United States*, 552 U.S. 38, 44 (2007)(quoting district court observation that probation or post-sentence supervision "rather than an act of leniency, is a substantial restriction of freedom") (internal quotation marks omitted). The *Gall* Court emphasized that a defendant serving such a sentence would have to "comply with strict reporting conditions," and would "not be able to change or make decisions about significant circumstances in his life, such as where to live or work, which are prized liberty interests, without first seeking authorization from his Probation Officer or, perhaps, even the Court." *Id.*

Under the circumstances of this case, a probationary sentence would sufficiently advance the interests of specific and general deterrence.

E.   **Sentencing Parity**

This Court is well-versed in sentencing. Mr. Scavo understands that each defendant receives an individualized sentence. Accordingly, we provide the information below only to illustrate that a probationary sentence is within the heartland of sentences imposed on other January 6, 2021, defendants who pleaded guilty to Parading, Demonstrating, or Picketing in a Capitol Building. A sample of such sentences is as follows:

- *United States v. Eliel Rosa*, No. 21-cr-68 (TNM) – Sentenced to probation for a term of 12 months, with conditions, 100 hours of community service, $500 restitution, and a $10 assessment;

- *United States v. Joshua Kale Bustle*, No. 21-cr-238 (TFH) – Sentenced to probation for a term of 24 months, to include 30 days' home confinement, with conditions, $500 restitution, and a $10 assessment;

- *United States v. Leonard Gruppo,* No. 21-cr-391 (BAH) – Sentenced to probation for a term of 24 months, with conditions, 90 days location monitoring, a fine of $3,000, $500 restitution, and a $10 assessment;

- *United States v. Thomas Gallagher*, No. 21-cr-41 (CJN) – Sentenced to probation for a term of 24 months, with conditions, 60 hours of community service, $500 restitution, and a $10 assessment;

- *United States v. Jonathan Ace Sanders*, Sr., No. 21-cr-384 (CJN) – Sentenced to probation for a term of 36 months, with conditions, 60 hours of community service, $500 restitution, and a $10 assessment;

- *United States v. Valerie Ehrke*, No. 21-cr-97 (PLF) – Sentenced to probation for a term of 3 years, with conditions, 120 hours of community service, $500 restitution, and a $10 assessment; and

- *United States v. Anna Morgan-Lloyd*, No. 21-cr-164 (RCL) – Sentenced to probation for a term of 36 months, with conditions, 120 hours of community service, $500 restitution, and a $10 assessment.

We believe that Mr. Scavo's background, early acceptance of responsibility, and his demonstrated compliance with the terms of his release over the past 7 months, make him an excellent candidate for a probationary sentence.

### VI. Conclusion

Wherefore, for the reasons set forth above, we respectfully ask the Court to impose a sentence of probation in this matter, along with restitution in the agreed amount.

Dated: November 15, 2021                                   Respectfully submitted,

/s/ Ernest D. Preate
Ernest D. Preate (*Admitted Pro Hac Vice*)
204 Wyoming Avenue, Suite C
Scranton, PA 18503
Telephone: (570) 558-5970
epreate@comcast.net

/s/ Evan Corcoran
M. Evan Corcoran (D.C. Bar No. 440027)
Silverman, Thompson, Slutkin & White LLC
201 N. Charles Street – 25th Floor
Baltimore, MD 21201
Telephone: (410) 385-2225
ecorcoran@silvermanthompson.com

*Counsel for Defendant Frank Scavo*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of November 2021, a copy of the foregoing filed was via the Court's CM/ECF system and served on all properly registered parties and counsel.

/s/ M. Evan Corcoran
M. Evan Corcoran (D.C. Bar No. 440027)